# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02297-NYW

IRA S. JAFFREY, M.D.,

    Plaintiff,

v.

PORTERCARE ADVENTIST HEALTH SYSTEM,

    Defendant.

---

# ORDER

---

Magistrate Judge Nina Y. Wang

    This matter comes before the court on Defendant PorterCare Adventist Health System's ("PorterCare" or "Defendant") Motion to Reconsider (the "Motion"). [#60, filed June 9, 2017]. The undersigned considers the Motion pursuant to 28 U.S.C. § 636(c) and the Order Referring Case dated December 9, 2015 [#11]. The court concludes that oral argument will not materially assist in the resolution of this matter. Accordingly, upon careful review of the Parties' briefing, the entire case file, and applicable law, the Motion is DENIED.

## BACKGROUND

    The court has discussed in detail this action's background in previous rulings, *see, e.g.*, [#46], and discusses it here only as it pertains to the pending Motion. Plaintiff Ira S. Jaffrey ("Plaintiff" or "Dr. Jaffrey") initiated this action on October 16, 2015, at the age of seventy-six (76). [#1]. Plaintiff, a Colorado licensed physician and board certified oncologist, began working as a part-time ("*locum tenens*") oncologist at Defendant's facility, Mile High Oncology

("MHO"), in April 2014. [*Id.* at ¶¶ 4, 9]. However, around July 2014, the employment relationship soured and Defendant terminated Plaintiff on or about July 24, 2014. [*Id.* at ¶¶ 5–11]. Plaintiff alleges that Defendant discriminated against him because of his age in violation of the Age Discrimination in Employment Act of 1967 ("ADEA" or "Act"), 29 U.S.C. § 621 *et seq.* (Claim I). [*Id.* at ¶ 1, 20]. Plaintiff also brings common-law claims for breach of contract (Claim II) and promissory estoppel (Claim III) against Defendant. [*Id.* at ¶¶ 21–24].

On September 9, 2016, Defendant filed its Motion for Summary Judgment. [#31]. On November 30, 2016, the court held a motion hearing and took the Motion for the Summary Judgment under advisement. [#41]. With leave of court, both parties filed supplements to their briefing on December 9, 2016. *See* [#44; #45].

On April 4, 2017, the court granted in part and denied in part Defendant's Motion for Summary Judgment. [#46]. Specifically, the court held that genuine issues of material fact precluded summary judgment as to Claims I and III, and granted summary judgment in Defendant's favor as to Claim II only to the extent it alleged a breach of contract claim predicated on the unsigned employment agreement. [*Id.*]. Thus, Claims I and III remained in their entirety for trial, and Claim II remained to the extent it alleged a breach of contract claim predicated on the breach of an oral promise to extend Plaintiff's *locum tenens* employment with Defendant. [*Id.*].

On May 5, 2017, the undersigned held a Final Pretrial Conference, setting the remaining claims for a four-day jury trial to commence on February 26, 2018. [#57]. The court has since entered a Final Pretrial Order and Trial Preparation Order. [#58; #59].

Defendant filed the instant Motion of June 9, 2017. [#60]. Defendant moves for reconsideration of the court's Memorandum Opinion and Order ("Order") granting in part and denying in part Defendant's Motion for Summary Judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. [*Id.*]. Defendant contends that the court misapprehended the facts and the controlling case law as to all three of Plaintiff's claims, and seeks summary judgment in its favor as to Claims I-III. [*Id.* at 2].

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration. Because Defendant seeks reconsideration of a non-final order, its Motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, No. 06–cv–00037-PAB-CBS, 2010 WL 420046, at *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."). Courts in this district have applied different standards on motions for reconsideration of non-final orders. *See United Fire & Cas. Co.*, 2010 WL 420046, at *3 (listing cases applying Rule 59(e) standard, Rule 60(b) standard, and "law of the case" standard). But as a general principle, courts may grant motions to reconsider where there is "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion for reconsideration is not an avenue for a party

to reargue issues by rehashing facts and arguments already addressed or available, yet neglected, in the original proceeding. *See id.*; *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Defendant moves for reconsideration under Rule 60(b)(6) of the Federal Rules of Civil Procedure that provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . .
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Motions under Rule 60(b)(6) must be made within a reasonable time period. Fed. R. Civ. P. 60(c). Again, the rule does not permit a rehashing of the facts or arguments previously addressed by the court. *See Pyeatt v. Does*, 19 F. App'x 785, 788 (10th Cir. 2001) (explaining that "denial of a Rule 60(b)(6) motion is not an abuse of discretion where the motion basically revisits, albeit in somewhat different forms, the same issues already addressed and dismissed by the court." (internal quotations and citations omitted)). Rather, Rule 60(b)(6) permits relief for "any other reason justifying relief." While characterized by the Tenth Circuit as a "grand reservoir of equitable power to do justice in a particular case," this subsection only affords relief in extraordinary situations, when such action is necessary to accomplish justice. *F.D.I.C. v. Union Pacific Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998); *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co. of America,* 962 F2d 1528, 1533 (10th Cir. 1992) (citing*Collins v. City of Wichita*, 254 F.2d 837 (10th Cir. 1958)).

## ANALYSIS

PorterCare moves for reconsideration of this court's Order, arguing that the court misapplied the "undisputed evidence and clear controlling law." [#60 at 2]. Defendant

4

continues that a reexamination of the both will yield a different result as to the court's prior ruling—namely, that Defendant is entitled to summary judgment on all three claims. [*Id.*]. Essentially, Defendant reargues its Motion for Summary Judgment without directing the court to any change in controlling law, any new evidence previously undisclosed, or any need to correct clear error or prevent manifest injustice. Though Defendant may disagree with the application of the law to the facts, this, alone, is insufficient to warrant reconsideration.

**I.      Claim I – Age Discrimination**

To start, Defendant raises four arguments with respect to Plaintiff's ADEA claim. First, Defendant argues that Plaintiff was not qualified to perform the duties of the job, because he was not entitled to unilaterally dictate the requirements of potential employment; thus, Plaintiff could not establish a prima facie case of age discrimination. *See* [#60 at 6]. Defendant made the exact same argument for the first time in its Reply, but this time cites to *Lucas v. W.W. Grainger, Inc.*, 257 F.3d 1249, 1260 (11th Cir. 2001) for the proposition that the plaintiff's refusal to perform the essential functions of a job rendered him unqualified. [#60 at 6]. Aside for being non-binding on this court, the *Lucas* case was a discrimination claim asserted under the Americans With Disabilities Act, and the United States Court of Appeals for the Eleventh Circuit was considering the plaintiff's claim that the defendant failed to reasonably accommodate his disability by failing to transfer him to a different position within the company. *See Lucas*, 257 F.3d at 1257-60. Ultimately, the court held that the plaintiff could not establish a discrimination claim on a failure to accommodate theory where the plaintiff refused to perform the essential functions of the job. *See id.* This court finds *Lucas* inapposite to the particular circumstances of this case.

Similarly, Defendant argues that a potential job applicant who is over 40 years of age does not have the right to unilaterally set the compensation package for the job they are applying to. [#60 at 7]. Whether this proposition is true, Defendant offers no reason why this argument justifies reconsideration of the court's Order. To establish a *prima facie* case of age discrimination, Dr. Jaffrey must prove that (1) he belongs to a protected class; (2) he applied and was qualified for a job for which the employer was seeking applicants; (3) he was rejected for that job; and (4) following his rejection, the job remained open and defendant continued to seek applicants from persons with plaintiff's qualifications." *See Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005). Whether or not Plaintiff had the right to unilaterally set a compensation package is irrelevant to whether Defendant rejected him for the job based on his age. The court already found that PorterCare proffered a legitimate, non-discriminatory reason for its failure to hire Dr. Jaffrey, and that there was a genuine issue of material fact as to whether Defendant's proffered reason was pretext. This argument by Defendant is simply a restatement of its purported legitimate, non-discriminatory reason.

Next, Defendant's third and fourth arguments assert that this court applied the wrong legal standard to Plaintiff's ADEA claim. [#60 at 7-9]. Specifically, the court should have analyzed Claim I under the "but-for-cause" requirement articulated in *Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 177 (2009). [*Id.*]. According to Defendant, it was clear error for the court to apply the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), because, as argued extensively in its Motion for Summary Judgment, Defendant contends that it did not hire Dr. Jaffrey due to the Parties' inability to agree to an employment contract, not due to his age. [*Id.*].

Although the Supreme Court in *Gross* held that an employee must prove "but-for" causation to establish a successful ADEA claim, the binding precedent in this Circuit holds that "this causal standard does not require plaintiffs to show that age was the sole motivating factor in the employment decision…. Instead, an employer may be held liable under the ADEA if other factors contributed to its taking an adverse action, as long as age was the factor that made a difference." *Jones v. Oklahoma City Pub. Sch.*, 617 F.3d 1273, 1277 (10th Cir. 2010) (internal brackets, quotations, and citations omitted). More importantly, as this court noted in its Order, *see* [#46 at 8 n.3], the Tenth Circuit in *Jones* reaffirmed that the use of the *McDonnell Douglas* framework in ADEA cases remained binding precedent in this Circuit. *See Jones*, 617 F.3d at 1278-79. *See also Kosak v. Catholic Health Initiatives of Col.*, 400 Fed. App'x 363, 366 (10th Cir. 2010) (utilizing the *McDonnell Douglas* test to evaluate an ADEA claim absent direct evidence of discrimination). "[A]bsent further action from the Supreme Court or an en banc decision of the Tenth Circuit, binding authority in this Circuit holds that the *McDonnell Douglas* framework applies to ADEA claims." *Bradley v. Denver Health & Hosp. Auth.*, 734 F. Supp. 2d 1186, 1208 (D. Colo. 2010). Defendant even acknowledges this point in its Motion to Reconsider, but nevertheless argues that this court should have applied the "narrow exception to our general rule against a 'pretext plus' requirement," *see Jones*, 617 F.3d at 1281, and held that no rational factfinder could conclude that Defendant's action was discriminatory. [#60 at 9]. Defendant continues that, because this court dismissed Plaintiff's breach of contract claim, it "has in effect found that 'the record conclusively revealed some other, non-discriminatory reason for the employer's decision.'" [*Id.*]. Respectfully, this court disagrees again that this is sufficient to justify summary judgment.

While the court held that there was no contract between the Parties as to a two-year position with Defendant, it also concluded that Plaintiff's testimony that Defendant did not hire him because it decided to go with someone younger, created a genuine issue of material fact as to whether Defendant's legitimate, nondiscriminatory reason was pretextual. Defendant contends here, as it did on summary judgment, that Plaintiff cannot maintain both a breach of contract claim and an ADEA claim simultaneously. However, Defendant points to no case law (nor has this court found any) to support this proposition. Rather, Defendant contends that the lack of an employment agreement between the parties unequivocally precludes any conclusion that Plaintiff was not hired because of his age. However, Plaintiff's ADEA claim hinges on a credibility determination, one that the jury, not the court, will ultimately decide. Though Defendant may ultimately prevail at trial on Plaintiff's ADEA claim, this does not warrant this court's reconsideration of Defendant's Motion for Summary Judgment.

## II. Claim II – Breach of Contract

Defendant next takes issue with this court's holding that Claim II remained for trial to the extent it alleges a breach of an oral contract with Defendant to extend his *locum tenens* employment. Defendant argues that there "is no dispute that the work [Dr.] Jaffrey did at Mile High Oncology on the Littleton Hospital Campus was *locum tenens* work under a contract with ASR," and, thus, Plaintiff was precluded from entering into any agreement (written or oral) with Defendant to perform any *locum tenens* work. [#60 at 10-12]. While this may be true, the glaring deficiency with Defendant's arguments is that it never expressly moved for summary judgment on this point. *See* [#46 at 18]. Defendant cannot now move for summary judgment on this point under the guise of a Motion to Reconsider. Moreover, nothing precludes PorterCare

8

from raising these arguments at trial, as "the existence of an oral contract and the contents of its terms are factual questions." *Murray v. Crawford*, 689 F. Supp. 2d 1289, 1297 (D. Colo. 2010).

### III. Claim III – Promissory Estoppel

Lastly, Defendant reasserts its arguments for summary judgment that Plaintiff's promissory estoppel claim must fail. Specifically, Defendant contends that there was no "promise" of a two-year position with Defendant; and that any such promise would not be enforceable because of the statute of frauds, Plaintiff's lack of describing the promise with specificity,[1] and any promise regarding Plaintiff's *locum tenens* work is governed by an enforceable contract. [#60 at 12-16].

Again, Defendant raised these arguments at summary judgment. *See generally* [#31; #38; #45]. Further, the court explicitly acknowledged the substance of these arguments in its Order. *See* [#46 at 17 n.5, 18-20]. In doing so, the court was careful to explain the requisite elements of a promissory estoppel claim, and concluded that Plaintiff sufficiently created a genuine of issue of fact as to whether there was a concrete promise, the parameters of which was a two-year term as an oncologist for Defendant. *See* [#46 at 19]. This court was also careful to explain that a claim for promissory estoppel could not lie where an already enforceable agreement existed and, thus, Plaintiff could not prevail on his oral contract claim (Claim II) and his Promissory Estoppel Claim (Claim III), but that nothing precluded a plaintiff from pleading promissory estoppel in the alternative. Finally, "the statute of frauds provides no defense to a claim based on promissory estoppel." *American Pride Co-op v. Seewald*, 968 P.2d 139, 142 (Colo. App. 1998). Thus,

---

[1] Defendant cites this court to case law from outside Colorado for this proposition. Doing so does not constitute an intervening change in the controlling law *or* a misapplication of controlling law.

9

Defendant points to no clear error or any need to prevent manifest injustice with respect to this court's ruling on Plaintiff's Promissory Estoppel Claim (Claim III), and, instead, improperly regurgitates its arguments for summary judgment.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that:

(1) PorterCare Adventist Health System's Motion to Reconsider [#60] is **DENIED**.

DATED: August 10, 2017

BY THE COURT:

s/Nina Y. Wang_____
Nina Y. Wang
United States Magistrate Judge